UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G.G. (a minor) *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SALESFORCE.COM, INC., <br><br> *Defendant*. | Case No. 1:20-CV-2335 |

**REPLY MEMORANDUM OF DEFENDANT SALESFORCE.COM, INC. IN SUPPORT OF MOTION TO TRANSFER**

Plaintiffs' counsel do not dispute what transpired here: counsel "work[ing] together" (Dkt. 24 at 3 n.4) filed two related cases that raise nearly identical allegations against Salesforce; Salesforce moved under Local Rule 40.4 to reassign this later-filed action (*G.G.*) to Judge Kness, to whom the first-filed case (*P.H.*) was assigned; and Plaintiffs' counsel promptly dismissed the first-filed *P.H.* case within hours of Salesforce filing its reassignment motion. These undisputed facts are a "strong indication that plaintiffs engaged in judge-shopping." *Alvarado v. Bank of Am., N.A.*, No. 08-CV-02862, 2009 WL 720875, at *3 (E.D. Cal. Mar. 17, 2009). This Court should not reward this attempt to evade the random case-assignment process and this Court's Rules, and instead should transfer this case to Judge Kness.

Unable to deny these facts—and without even trying to offer a reason for their late-breaking dismissal in *P.H.*—Plaintiffs' counsel retreat to formalistic arguments in an effort to cover their tracks. None of these arguments has merit. Plaintiffs' counsel claim that there is "no legal authority" for the Court to transfer this action, by which they apparently mean a specific rule or statute governing this unusual situation where counsel has attempted to evade the random

case-assignment system and the applicable Local Rule governing low-numbering procedures. Dkt. 24 at 1. This constrained view of this Court's powers is wrong. When "[n]o rule or statute directly prescribes the authority of the court to address [a] unique problem," a court "[n]evertheless … has the inherent authority" to act. *Dennis v. INS*, No. 01-CV-279, 2002 WL 295100, at *3 (D. Conn. Feb. 19, 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–47 (1991)). Indeed, it is beyond dispute that this Court has inherent power to "preserve the efficiency, and more importantly the integrity, of the judicial process." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989). As the Supreme Court has explained, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash Ry. Co.*, 370 U.S. 626, 630–31 (1962)).

This case is a perfect example of why a court's authority is not limited to what is "conferred by rule or statute." *Goodyear Tire*, 137 S. Ct. at 1186. Plaintiffs' primary argument is that because the other lawyers they are working with voluntarily dismissed the first-filed *P.H.* action after Salesforce filed its Rule 40.4 motion, that rule technically no longer applies. Dkt. 24 at 1, 3–4. But this Court's powers are not limited to those under Local Rule 40.4, as noted, and there is every reason to fill the gap within the Local Rules with the Court's inherent authority. That is especially true here, where the *only reason* why the "pending case" requirement of Local Rule 40.4 is not met is because Plaintiffs' counsel took a strategic action, *after Salesforce filed a proper motion to invoke the rule*, to negate that requirement and avoid reassignment under the rule. In short, Plaintiffs' counsel should not be heard to argue that the "pending case" element of the Local Rule somehow negates this Court's broader power when it was their own actions that

2

compromised that element. Indeed, if what has occurred here were a permissible tactic, Local Rule 40.4 and the random case-assignment system would both be rendered dead letters.

Plaintiffs next argue that Local Rule 40.3(b)(2) is designed to "thwart judge-shopping" if a party dismisses and refiles a case. Dkt. 24 at 4. That is true, but it is of no help to Plaintiffs. To the contrary, the clear purpose of that Rule supports Salesforce's view that the underlying theme of all of these Local Rules is to avoid manipulation by counsel of the sort that occurred here. And the fact that the Local Rules provide a remedy for one form of judge shopping does not mean that other, more creative forms of judge shopping—like the one that has occurred here—are beyond this Court's power to address.

Plaintiffs conclude by questioning why Salesforce seeks transfer of *G.G.* at this juncture. Dkt. 24 at 7. The reason is simple: to prevent an emerging pattern by the same Plaintiffs' counsel of engaging in improper "file and dismiss" tactics in this Court and elsewhere in the federal judicial system and in the state courts as well. Plaintiff's counsel in *P.H.* already have tried to use voluntary dismissal to avoid an adverse tentative ruling in California state court. Dkt. 9 at 3 n.1.

And in the days since Salesforce filed its transfer motion, counsel for *G.G.* and *P.H.* have engaged in judge-shopping tactics similar to those in this District in the Southern District of Texas by filing multiple cases and then serving the complaint in the latest-filed case and dismissing an earlier-filed case without explanation. Specifically, on April 8, 2020, counsel for *P.H.* filed two complaints against Salesforce in the Southern District of Texas raising factual allegations nearly identical to those in the complaint in this case regarding Salesforce's relationship with Backpage-affiliate Website Technologies, LLC. *See* Pl.'s Original Compl., *A.B. v. salesforce.com, inc.*, No. 4:20-CV-01254, Dkt. 1 (S.D. Tex. Apr. 8, 2020); Pl.'s Original

3

Compl., *P.P. v. salesforce.com, inc.*, No. 4:20-CV-01256, Dkt. 1 (S.D. Tex. Apr. 8, 2020). Both actions were assigned to Judge Andrew S. Hanen. Neither complaint was served. A week later, counsel for *G.G.* filed a third action containing virtually identical allegations. *See* Pl.'s Original Compl., *A.S. v. salesforce.com, inc.*, No. 4:20-CV-01317, Dkt. 1 (S.D. Tex. Apr. 13, 2020). This third action was assigned to Judge Lynn N. Hughes, and also was not served. Then, on April 29, counsel for *P.H.* filed a fourth action making the same allegations against Salesforce. *See* Pl.'s Original Compl., *A.E. v. salesforce.com, inc.*, No. 4:20-CV-01516, Dkt. 1 (S.D. Tex. Apr. 29, 2020). This case was assigned to Judge Alfred H. Bennett. Counsel failed to designate any of the four cases as related, as is required by the applicable Local Rules. S.D. Tex. L.R. 5.2. Instead, immediately after the fourth case was assigned to Judge Bennett, the case before Judge Hughes was voluntarily dismissed and the complaint in the case assigned to Judge Bennett was served on Salesforce.

What is occurring here is obvious: counsel separately file nearly identical cases until a judge they prefer is randomly assigned to one of the cases, and then they dismiss the earlier-filed cases that were assigned to judges that they view as less favorable. This unseemly "practice of judge-shopping raises serious questions of professional ethics and undermines trust in the court's impartiality," and "[s]ome consequence should follow." *Landau v. Viridian Energy PA LLC*, No. 16-2383, 2017 WL 3581323, at *7 (E.D. Pa. Apr. 3, 2017). Salesforce submits that the appropriate consequence is to transfer the above-captioned action to Judge Kness, who was randomly assigned the earlier-filed case and who, but for the strategic dismissal, would have been reassigned this case under Local Rule 40.4. That "[r]eassignment will allow this Court to correct counsel's attempt to manipulate the random assignment process." *Keilholtz v. Superior Fireplace Co.*, No. 08-CV-00836, 2008 WL 5411497, at *2 (N.D. Cal. Dec. 29, 2008).

4

By contrast, Plaintiffs provide no explanation for why they oppose transfer, or why they suddenly dismissed the *P.H.* case less than a day after Salesforce filed its reassignment motion. Their shell game of selectively serving and dismissing cases across the country smacks of judge shopping. Transferring this case to Judge Kness will "preserve the efficiency, and more importantly the integrity, of the judicial process," *Heileman*, 871 F.2d at 652, by making clear to Plaintiffs' counsel that "[w]hen they see a storm brewing in the first court," they cannot just "weigh anchor and set sail for the hopefully more favorable waters." *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 360 n.4 (2d Cir. 1985) (quoting *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970)).

Finally, Plaintiffs' suggestion that *Salesforce* is engaged in judge shopping is absurd. *See* Dkt. 24 at 7. Salesforce—consistent with Local Rule 40.4—properly and promptly made a motion to Judge Kness to reassign this case, as he had been randomly assigned the first of two related cases. Invocation of the Local Rule designed to protect the random assignment system is not judge shopping—nor is Salesforce's effort to expose Plaintiffs' counsel's tactics to evade that Rule.

## CONCLUSION

The Court should transfer this action to Judge Kness.

DATED: May 29, 2020               Respectfully submitted,


                                  */s/ Patricia Brown Holmes*

                                  Patricia Brown Holmes
                                  Lucas T. Rael
                                  RILEY SAFER HOLMES & CANCILA LLP
                                  70 W. Madison St., Ste. 2900
                                  Chicago, Illinois 60602

5

Telephone: (312) 472-8700
Facsimile: (312) 471-8701
pholmes@rshc-law.com
lrael@rshc-law.com

Kristin A. Linsley (admitted *pro hac vice*)
Chris R. Jones (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8395
Facsimile: 415.374.8471
klinsley@gibsondunn.com
crjones@gibsondunn.com

Bradley J. Hamburger (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7658
Facsimile: 213.229.6658
bhamburger@gibsondunn.com

Russell H. Falconer (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile:  214.571.2900
rfalconer@gibsondunn.com

*Counsel for Defendant salesforce.com, inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 29th day of May, 2020, the foregoing document was filed using the Court's CM/ECF system. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

                                          /s/ *Patricia Brown Holmes*
                                          Patricia Brown Holmes