**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

G.G. (a minor) *et al.*,
*Plaintiffs,*

v.

SALESFORCE, INC.,
*Defendant*.

Case No. 1:20-CV-2335

Consolidated with:

Case No. 1:25-CV-6867
Case No. 1:25-CV-6868
Case No. 1:25-CV-6869
Case No. 1:25-CV-6870
Case No. 1:25-CV-6871
Case No. 1:25-CV-6872

**PLAINTIFFS' MOTION TO REASSIGN PURSUANT TO LOCAL RULE 40.4**

Plaintiffs respectfully move the Court, pursuant to Local Rule 40.4, for reassignment of *Jane Does (F.A.P.), et al. v. Salesforce, Inc.*, Case No. 1:26-cv-07690 (N.D. Ill.) (the "F.A.P. Action"), currently pending before the Honorable Sharon Johnson Coleman, to the Honorable Virginia M. Kendall. In support, Plaintiffs state as follows:

1. The above-captioned action, *G.G. v. Salesforce, Inc.*, Case No. 1:20-cv-02335, is pending before Chief Judge Virginia M. Kendall. By Order of the Executive Committee dated August 27, 2025, six related actions against Salesforce, Inc. (the "Related Actions") were reassigned to Judge Kendall pursuant to Local Rule 40.4. See Dkt. 268.

2. On June 30, 2026, Plaintiffs filed the F.A.P. Action against Salesforce, Inc., alleging claims arising from Salesforce's alleged business relationship with Backpage.com and its alleged role in facilitating sex trafficking. The F.A.P. Action was assigned to Judge Sharon Johnson Coleman. A copy of the Complaint is attached hereto as Exhibit A.

3. The F.A.P. Action involves substantially similar factual allegations and legal issues as those presented in the Related Actions, including Salesforce's alleged provision of services to Backpage.com and its alleged liability under 18 U.S.C. § 1595(a).

4. The parties have previously acknowledged the relatedness of these proceedings. On July 22, 2026, the parties filed a Joint Stipulation to Stay Case Proceedings in the F.A.P. Action, expressly recognizing that the action arises from the same or substantially similar facts as the Related Actions. See F.A.P. Action, Dkt. 8.

5. On July 28, 2026, Judge Coleman granted the parties' agreed motion to stay the F.A.P. Action on the same terms as the March 10, 2026 stay order entered by Judge Kendall in *G.G.* See F.A.P. Action, Dkt. 11.

6. Under Local Rule 40.4(a), cases may be deemed related where they involve some of the same issues of fact or law or arise from the same transaction or occurrence. The F.A.P. Action satisfies these requirements because it involves the same Defendant, substantially similar allegations concerning Salesforce's relationship with Backpage.com, and overlapping legal issues concerning Salesforce's alleged liability for sex trafficking.

7. Reassignment is also appropriate under Local Rule 40.4(b). Both actions are pending in this District, and reassignment would result in a substantial saving of judicial time and effort by allowing the related proceedings to be administered by the same Court.

8. Reassignment would not substantially delay the proceedings in *G.G.* or the Related Actions. The F.A.P. Action is already subject to the same stay entered in those proceedings, and reassignment would allow the Court to address any future developments concerning the stay and other common issues consistently.

9. The actions are susceptible of disposition in a single proceeding, including coordinated consideration of common legal issues and other matters affecting the Related Actions, while preserving any issues requiring individual determination.

10. Reassignment would also avoid duplicative judicial proceedings and unnecessary appearances while the stay remains in effect. Although the F.A.P. Action was stayed on July 28, 2026, a status hearing remains scheduled before Judge Coleman for October 14, 2026. The parties previously filed a Joint Status Report requesting that further in-person appearances be excused until the stay is lifted. See F.A.P. Action, Dkts. 13, 14. Reassignment would promote consistent administration of the related proceedings before a single Court.

11. The requested reassignment is consistent with the Executive Committee's August 27, 2025 Order reassigning six related Salesforce actions to Judge Kendall pursuant to Local Rule 40.4. See Dkt. 268.

12. Plaintiffs have conferred with counsel for Defendant Salesforce, Inc., who has advised that Defendant does not oppose the requested reassignment.

WHEREFORE, Plaintiffs respectfully request that the Court refer the matter to the Executive Committee for reassignment to the Honorable Virginia M. Kendall under Local Rule 40.4, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ David E. Harris*

David E. Harris
Texas Bar No. 24049273
S.D. Tex. No. 712461
SICO HOELSCHER HARRIS LLP
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 653-3300
Facsimile: (361) 653-3333
dharris@shhlaw.com

Annie McAdams
N.D. IL No. 25051014
ANNIE MCADAMS PC
2900 North Loop W Ste 1130
Houston, TX 77092
Telephone: (713) 785-6252
Facsimile: (888) 713-0451
annie@mcadamspc.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2026, a copy of this document was served on all counsel of record via email and through the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ David E. Harris*
David E. Harris